378 A.2d 336

**COMMONWEALTH of Pennsylvania**

v.

**George HORN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided Oct. 6, 1977.

Hugh F. Mundy, Wilkes-Barre, with him Flanagan, Doran, Biscontini & Shaffer, Wilkes-Barre, for appellant.

Thomas J. Glenn, Jr., Wilkes-Barre, with him Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the Court of Common Pleas of Luzerne County by the defendant-appellant, George Horn, after conviction of the crime of Theft by Unlawful Taking or Disposition after a non-jury trial.

The defendant is a contractor who had entered into a contract with the victims by which the defendant was to construct a home for the victims in Bear Creek Township, Luzerne County, Pennsylvania. The contract was entered into in September of 1973 and was of the cost-plus variety. According to the terms of their contract the victims were to pay for the cost of the labor and materials for the job plus twenty (20%) per cent which would be the contractor's profit; with a guarantee that the cost would not exceed $55,000 and if it came in under that amount, the savings were to be split equally between the victims and the defendant. The contract was later renegotiated and the profit percentage was reduced by ten (10%) per cent.

In April, 1974, work on the house was well on its way when a delivery of rocklathe, a sheet rock type of material used to cover walls and ceilings, was brought to the premises by the defendant who had purchased it from an outside source. This material was stored in the living room of the home and the testimony established that it took up about one half the area of the room and was piled about "neck high". During the next several days the rocklathe was installed in some of the rooms of the house. However, it was not installed in all of the rooms of the house for which the contract called for it to be installed; only about 45% of the rocklathe having been completed. The testimony also established that on a Thursday in April, 1974, Mr. George B. Ritchie, one of the victims, had gone to the construction site and had observed rocklathing which had not yet been installed. The next day when he visited the construction site, again after working hours at about 5:30 p. m., all of the

rocklathing was gone and only one more room had been completed. Mr. Ritchie immediately contacted Mr. Lester A. Hauck, an architect whom he had hired to oversee the job, and subsequently the instant charges were brought against the defendant charging him with removing a quantity of sheet rock and nails having a value of approximately $2,000.00.

At trial the Commonwealth produced evidence sufficient to prove some of the aforementioned facts. In addition, it proved that the building, though incomplete, had been securely locked and any openings had been boarded shut with plywood. It was also established that the victims and the defendant were the only ones with keys to the premises. After the presentation of the Commonwealth's case the defendant demurred to the evidence. The court denied the defendant's demurrer and the defense then presented its case after which the verdict was rendered against the defendant. The defendant now appeals, *inter alia*, on the grounds that his demurrer was improperly denied.

 In deciding whether sufficient evidence exists by which a defendant's guilt is established beyond a reasonable doubt we must accept as true the evidence produced by the Commonwealth and all reasonable inferences arising therefrom. *Commonwealth v. Williams*, 447 Pa. 206, 290 A.2d 111 (1972). However, even if we accept as true all of the evidence presented by the Commonwealth it is still insufficient to establish guilt beyond a reasonable doubt. This is so because the only evidence produced tending to show that any of the rocklathe had been removed from the premises was the testimony of Mr. Hauck, the architect, who testified that when he viewed the rocklathe when it was first delivered that he believed that the amount delivered was sufficient to complete the entire job. However, he admitted that he did not know how much rocklathe had been delivered, he never counted the piles of rocklathe, nor ever computed whether there was enough to do the entire job. In fact he admitted that his statement to the effect that there was enough rocklathe to do the job was merely speculation. Mr. Ritchie testified that he had no way of knowing whether the amount of rocklathe initially delivered was sufficient to do

the entire job. Nor was there any evidence produced by the Commonwealth establishing the value of the rocklathe. In light of the fact that the material was being installed in the premises, Mr. Hauck's admittedly speculative statement to the effect that the original pile of material in the living room of the premises was enough to complete the entire job, without more, is insufficient to establish that the defendant removed $2,000.00 worth of the rocklathe. Likewise, Mr. Ritchie's testimony to the effect that there appeared to be a considerable amount of material still unused on the premises one day and that there was nothing left a day later is not sufficient to establish guilt because the installation of the material continued during the intervening day and no computation as to the amount of the unused material present on the premises on the preceding day or how much was installed was established. Therefore, the testimony is just too indefinite to sustain a conviction.

Judgment of sentence is reversed and appellant discharged.